
EOD
10/26/2016

BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP　　　　　　　　BDFTE NO. 00000006025217
4004 BELTLINE RD. SUITE 100
ADDISON, TX 75001
(972) 386-5040

Attorney for PNC BANK, NATIONAL ASSOCIATION, SERVICER FOR U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO WACHOVIA BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR MASTR ASSET SECURITIZATION TRUST 2003-10 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2003-10 ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 16-40346-BTR-13 |
| | § | |
| MELISSA L. GARCIA, | § | |
| Debtor | § | CHAPTER 13 |
| | § | |
| PNC BANK, NATIONAL ASSOCIATION, SERVICER FOR U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO WACHOVIA BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR MASTR ASSET SECURITIZATION TRUST 2003-10 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2003-10 ITS ASSIGNS AND/OR | § | |
| Movant | § | FINAL HEARING DATE: 10/19/2016 |
| | § | |
| v. | § | TIME: 01:00 PM |
| | § | |
| MELISSA L. GARCIA; CAREY D. EBERT, Trustee | § | |
| Respondents | § | JUDGE BRENDA T. RHOADES |

### AGREED ORDER CONDITIONING AUTOMATIC STAY OF ACTION AGAINST DEBTOR PURSUANT TO 11 U.S.C. § 362

Came on for consideration the Motion For Relief from Stay, filed by PNC BANK, NATIONAL ASSOCIATION, SERVICER FOR U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO WACHOVIA BANK, NATIONAL

ASSOCIATION, AS TRUSTEE FOR MASTR ASSET SECURITIZATION TRUST 2003-10 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2003-10 ITS ASSIGNS AND/OR SUCCESSORS IN INTEREST, (hereinafter "MOVANT"), a secured creditor in the above entitled and numbered cause. The Court, having considered said Motion and the agreement of counsel, is of the opinion that the following Agreed Order should be entered. It is therefore,

**ORDERED, ADJUDGED, AND DECREED** that:

1. **Automatic Stay:** The Automatic Stay provided by 11 U.S.C. §362 shall remain in effect, except as provided below.

2. **Current Monthly Payments:** Debtor shall continue to remit to the Movant the regular post-petition monthly payments beginning November 01, 2016, and continue said payments thereafter pursuant to that certain Note and Deed of Trust dated February 20, 2003.

3. **Additional Payments:** In addition to the payments set forth above, Debtor shall cure post-petition arrearage and pay attorney's fees and cost in the total amount of $0.00. Said total amount consists of post-petition payments for the months of March 01, 2016 through October 01, 2016 additional fees and costs detailed as follows:

| | | | |
|---|---|---|---|
| Monthly Payment Amount | $3,012.95 x 8 | | $24,103.60 |
| Late Charges | x | | $0.00 |
| Attorney's Fees | | $0.00 | |
| Costs | | $0.00 | |
| Total Attorney's Fees & Costs | | | $0.00 |
| Amount Due | | | $24,103.60 |
| Payment Received | | | $0.00 |
| Payment to be Received by 10/31/2016 | | | $24,103.60 |
| Debtor Suspense | | | $0.00 |
| Total Balance Due Less Payment Received | | | $0.00 |

The total amount due shall be paid directly to Movant in 0 payments beginning as indicated below:

PNC BANK, N.A.

3232 NEWMARK DRIVE
MIAMISBURG, OH  45342
Attention:  Bankruptcy Department

**There is no grace period on additional installment payments due under this Agreed Order.**

Payments received after the due date are subject to the default provisions contained in the Default Paragraph of this Agreed Order.

4.      **Payments to Trustee:**  Debtor shall remit to the Trustee the monthly payment provided for under the Debtor's Plan.  Debtor shall bring current all delinquent and outstanding payments owed to the Trustee, if applicable, within 30 days of the date this Order is signed by the Bankruptcy Judge.

5.      **Discharge:**  Notwithstanding any provision hereof, the automatic stay of 11 U.S.C. §362 shall terminate, if not sooner terminated, upon entry of the Order of Discharge.

6.      **Conversion to Chapter 7:**  The payment terms of this Agreed Order shall not survive upon conversion to a case under Chapter 7 of the Code.  In the event of conversion, Movant shall not be bound by the payment schedule of this Agreed Order.  Upon conversion of this case to a Chapter 7 case, all pre-petition and post-petition delinquent payments, fees, and charges due under the Note and Deed of Trust shall become immediately payable to Movant, and, if the Property has been properly exempted from the estate, failure to bring the loan contractually current by the date of entry of the conversion order shall be an event of default under the Default Paragraph of this Agreed Order.

7.      **Effect of Non-sufficient Funds:**  Tendering of a check to Movant by Debtor which is subsequently returned due to non-sufficient funds in the account upon which the check

is drawn or due to any other reason shall not constitute a payment as required by the terms of this order and is an event of default.

8.      **Default:** In the event Movant does not receive any payments by the dates set forth in the Current Monthly Payments Paragraph or the Additional Payments Paragraph or Debtor does not remit the payment set forth in the Payments to Trustee Paragraph above, or in the event Debtor converts to Chapter 7 as set forth in the Conversion to Chapter 7 Paragraph, Movant shall send written notice by Regular Mail and by Certified Return Receipt Requested Mail, postage prepaid, to Debtor and Counsel for Debtor allowing Debtor a 10-day period from the date of such written notice to cure such delinquent payments. Cure payments must be made by certified funds only and Movant may charge Debtor $50.00 for any notice given pursuant to this Order. In the event Debtors fail to cure such delinquent payments within such 10-day period or in the event Debtors become delinquent after **two (2) notices of default**, the Automatic Stay shall terminate as to the Movant without further recourse to this Court and Movant shall be allowed to take any and all steps necessary to exercise any and all rights it may have in the collateral described as follows:

> BEING LOT TWENTY-EIGHT (28) IN BLOCK "B" OF WIFFLETREE V, AN ADDITION TO THE CITY OF PLANO, COLLIN COUNTY, TEXAS, ACCORDING TO THE REVISED MAP OR PLAT THEREOF RECORDED IN VOLUME D, PAGE 142, OF THE MAP RECORDS OF COLLIN COUNTY, TEXAS.

IT IS FURTHER STIPULATED that the parties agree that Movant may immediately enforce and implement this Order granting relief from the automatic stay and that the provision

of Rule 4001(a) (3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtor, Attorney for Debtor, and the Chapter 13 Trustee that the Automatic Stay has been terminated.

**IT IS SO ORDERED.**

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP

BY: /s/ JOHN R. CALLISON

| JOHN R. CALLISON | JOYCE W. LINDAUER |
| TX NO. 24076295 | 12720 HILLCREST RD |
| 4004 BELTLINE RD. SUITE 100 | SUITE 625 |
| ADDISON, TX 75001 | DALLAS, TX 75230 |
| Telephone: (972) 386-5040 | |
| Facsimile: (972) 661-7725 | ATTORNEY FOR DEBTOR |
| E-mail: EDECF@BDFGROUP.COM | |
| ATTORNEY FOR MOVANT | |

of Rule 4001(a) (3), Federal Rules of Bankruptcy Procedure, shall not impede the enforcement and implementation of this Order.

Additionally, upon default, Movant shall notify the Court, Debtor, Attorney for Debtor, and the Chapter 13 Trustee that the Automatic Stay has been terminated.

**IT IS SO ORDERED.**

Signed on 10/26/2016

*Brenda T. Rhoades*  SD
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

APPROVED AS TO FORM AND SUBSTANCE:

BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP

BY: /s/ JOHN R. CALLISON
    JOHN R. CALLISON
    TX NO. 24076295
    4004 BELTLINE RD. SUITE 100
    ADDISON, TX 75001
    Telephone: (972) 386-5040
    Facsimile: (972) 661-7725
    E-mail: EDECF@BDFGROUP.COM
    ATTORNEY FOR MOVANT

JOYCE W. LINDAUER
12720 HILLCREST RD
SUITE 625
DALLAS, TX 75230

ATTORNEY FOR DEBTOR